## The Hope Building Co., Inc. *vs.* Joseph Douglas.

MAY 21, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an employer's petition to review a preliminary agreement for compensation under the workmen's compensation act, general laws 1938, chapter 300. After a hearing in the superior court a justice thereof found that the respondent was no longer incapacitated by reason of the injury described in the agreement and he suspended further payments of compensation. From a decree to that effect the respondent has appealed to this court.

It appears from the record that respondent was employed by petitioner as a laborer; that on October 20, 1950, while working on a staging, a board upon which he was standing moved over the end of the support and tipped causing him to fall to the ground; and that by reason of such accident he sustained fractures of the second, third and fourth transverse processes on the right side.

The appeal raises the single question whether there is any legal evidence to support the sole finding of fact in the decree, namely, that the "respondent employee is not now incapacitated for work by reason of the injury set out in the preliminary agreement." To determine this question we have carefully examined the transcript. In so doing it is not the province of this court to weigh the evidence or pass upon the credibility of the witnesses, but merely to ascertain whether there is any legal evidence contained therein to support the finding of the trial justice. From such examination we are of the opinion that there is legal evidence, either direct or by way of reasonable inference, to sustain the finding of fact contained in the decree appealed from and the order based thereon suspending further compensation payments.

There is a clear conflict of evidence on the question of respondent's present incapacity, and the testimony of two witnesses presented by petitioner is sufficient to sustain the

finding of the trial justice. Doctor G. Edward Crane, an orthopedic specialist, at the request of petitioner examined respondent on February 11, 1952, nearly sixteen months after his injury. The doctor's report dated March 7, 1952, which was admitted in evidence, contains the statement: "This patient has no actual limitation of function of his back, and I do not believe that his work capacity is restricted to any degree." In his testimony before the superior court, Dr. Crane, referring to his examination of respondent on February 11, 1952, reiterated this opinion in almost identical language.

Doctor Herbert E. Harris, another orthopedic specialist, examined respondent on November 12, 1952, more than two years after the accident. He testified that "from the x-ray picture and from the clinical examination, I thought he could do his regular work."

It is well settled by the statute and numerous decisions thereunder that in the absence of fraud, which is not claimed here, findings of fact in compensation cases if based on legal evidence are conclusive and binding upon us. *Jillson* v. *Ross,* 38 R. I. 145; *Walsh-Kaiser Co.* v. *Yeager,* 72 R. I. 298; *Conti* v. *Washburn Wire Co.,* 77 R. I. 31.

The respondent contends, however, that the trial justice has overlooked and misconceived certain testimony, which is referred to in his brief. With that contention in mind we have examined the transcript and are of the opinion that the trial justice neither overlooked nor misconceived any material evidence. In any event there is other legal evidence in the record, independent of and unrelated to the testimony referred to by the respondent, which supports the finding of fact in the decree appealed from.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis V. Reynolds, Joseph V. Cavanagh,* for petitioner.
*Michael De Ciantis,* for respondent.